CAVERLY *against* NICHOLS and BROWN.

THIS was an action of debt on a bond, conditioned, that if the defendants should, within 12 months, procure a patent or other conveyance, sufficient to enable the plaintiffs to sell, in fee-simple, a certain parcel of land, in *Canada*, then the obligation was to be void, otherwise to remain in full force. The declaration was in the usual form, and the defendants pleaded, first, the general issue ; secondly, that they well and truly kept and performed, all the covenants, articles, &c. contained in the condition of the bond, &c. and concluded with a verification. The plaintiff replied generally, that the defendants had not kept and performed all the covenants, articles, &c. contained in the conditions of the said bond. On this issue, the cause was tried at the *Ulster* circuit, in *June*, 1806, and the jury found a verdict for the plaintiff, for six cents damages, and six cents costs. The plaintiff entered up judgment on the verdict, and, in *January* last, took out a *ca. sa.* against the defendants for 400 dollars of debt, being the penalty of the bond, and 89 dollars and 50 cents for damages and costs.

*Fisk*, for the defendants, now moved to set aside the execution, and that all further proceedings on the judgment should be stayed, on the defendants' paying to the plaintiff the amount of the verdict. He contended, that the plaintiff, by the act,* was bound to assign the breaches, and that the jury are to assess the damages thereon. The judgment for the penalty is merely a security, and the plaintiff is entitled to issue an execution for the damages only, which have been assessed by a jury.

*Emott*, contra, admitted, that the replication was bad ; but that the application should have been to set aside all the proceedings, for want of an assignment of breaches, not merely to set aside an execution which, on the face of it, was regular.

In an action of debt on a bond, conditioned to procure a conveyance for land, the defendant pleaded the general issue, and also that he had performed the condition, &c. The plaintiff replied generally, that the defendant had not performed, &c. and the jury found a verdict for the plaintiff with six cents damages and costs, on which the plaintiff entered up a judgment, and issued an execution for the penalty in the bond. The court, on motion, ordered the execution to be set aside, with costs. The plaintiff ought to have assigned breaches, on which the jury ought to have assessed damages.

* *Laws of N. Y.* vol. 1. p. 349.

ALBANY,
February, 1809.

Baker
v.
Philips.

*Per Curiam.* The execution is for the whole penalty, which is certainly irregular. It must be set aside with costs.

Rule granted.